1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ANDREINA GUZMAN, an individual,              No.  2:24-cv-00498-TLN-AC

12                 Plaintiff,

13          v.                                      **ORDER**

14    GRAHAM PACKACING CO., L.P., et al.,

15                 Defendants.

16

17          This matter is before the Court on Plaintiff Andreina Guzman's ("Plaintiff") Motion to

18    Remand.  (ECF No. 8.)  Defendants Graham Packaging Co, LP, Graham Packaging Pet

19    Technologies, Inc., (collectively "Graham Defendants"), and Aman Singh, ("Singh") (together

20    with Graham Defendants, "Defendants") filed an opposition.  (ECF No. 10.)  Plaintiff filed a

21    reply.  (ECF No. 13.)

22          Also before the Court is Defendants' Motion to Dismiss.  (ECF No. 9.)  Plaintiff filed an

23    opposition.  (ECF No. 11.)  Defendants filed a reply.  (ECF No. 14.)

24          For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand and

25    GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

26    ///

27    ///

28    ///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

This case concerns alleged employment discrimination based on pregnancy.  Defendants hired Plaintiff as an "Administrative Specialist III" on or about July 12, 2021, where Singh was the plant controller and managing agent for Graham Defendants.  (ECF No. 1 at 22–23.)

In August 2022, Plaintiff informed Singh and Defendants' human resources supervisor, Marcos Sandoval ("Sandoval"), that she was pregnant and would be taking maternity leave.  (*Id.* at 23.)  Plaintiff returned to work on July 10, 2023, after giving birth a few months prior but was "shocked to find a different employee sitting at her desk and performing her same job duties." (*Id.* at 24.)  Two weeks later, Plaintiff attended a meeting wherein her supervisors — Aron Wark ("Wark") and Alfonzo Mora ("Mora") — asked her how she felt about a position change before assigning Plaintiff to a new facility.  (*Id.*)

Plaintiff arrived at her new facility on July 26, 2023, under the impression that she was to begin her normal job duties and responsibilities (i.e., the duties she performed prior to her maternity leave).  (*Id.*)  However, that was not the case.  Instead, Plaintiff alleges she began training a new hire employee, Maria Gudino ("Gudino"), to perform her job duties, and after a while, Singh requested Gudino perform them instead of Plaintiff.  (*Id.* at 24–25.)  About a week later, Wark and Sandoval informed Plaintiff that there was a good possibility her position would be eliminated but that she could transition to become a quality lead — a position in which Plaintiff had no experience and little interest.  (*Id.* at 25.)

On August 24, 2023, Defendants suddenly terminated Wark's employment.  (*Id.*)  Plaintiff called Wark to wish him farewell, and Wark warned Plaintiff that she may be next to be let go. (*Id.*)  Specifically, Wark informed Plaintiff that Singh expressly communicated to him and upper management that Plaintiff was about to be terminated because she "took time off work due to her pregnancy and [it was Singh's] belief that Plaintiff would have additional children in the future and again request further time off work."  (*Id.*)

///

---

[1]      The following allegations are taken from Plaintiff's Complaint.  (ECF No. 1 at 21–37.)

1    About two weeks later, Plaintiff noticed her paystub included a payout for vacation time

2    she had accrued.  (*Id.*)  Plaintiff inquired about her paycheck, thinking she had been overpaid,

3    only to be terminated by Singh and Sandoval on September 8, 2023.  (*Id.*)  Plaintiff believes

4    Defendants' decision to terminate her was motivated in whole or in part by her pregnancy and

5    subsequent maternity leave and the possibility that she may again become pregnant and seek

6    maternity leave in the future.  (*Id.* at 25–26.)

7    Plaintiff commenced this lawsuit against Defendants in the Stanislaus County Superior

8    Court on January 18, 2024, alleging eight causes of action: (1) retaliation in violation of the

9    California Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12900 et seq.); (2)

10   failure to prevent discrimination in violation of FEHA; (3) retaliation in violation of the Moore-

11   Brown-Roberti Family Rights Act ("FRA") (Cal. Gov't. Code § 12945.1 et seq.); (4) retaliation in

12   violation of the Family and Medical Leave Act ("FMLA") (29 U.S.C. § 2601 et seq.); (5)

13   pregnancy/sex discrimination in violation of FEHA; (6) violation of California Government Code

14   § 12945 (§ 12945); (7) wrongful termination in violation of California public policy; and (8)

15   violation of California's unfair competition laws ("UCL") (Cal. Bus. & Prof. Code § 17200 et

16   seq.)  (ECF No. 1 at 26–36.)

17   Defendants removed the action to this Court on February 19, 2024, based on diversity and

18   federal question jurisdiction.  (ECF No. 2.)  Plaintiff filed the instant motion to remand on

19   February 22, 2024, and Defendants filed the instant motion to dismiss the next day.  (ECF Nos. 8,

20   9.)  Both motions are fully briefed.  (ECF Nos. 10–11, 13–14.)

21        **II.    MOTION TO REMAND**

22             A. <u>Standard of Law</u>

23   "[A]ny civil action brought in a State court of which the district courts of the United

24   States have original jurisdiction, may be removed by … defendants, to the district court of the

25   United States for the district and division embracing the place where such action is pending."  28

26   U.S.C. § 1441(a).  District courts have original jurisdiction over all civil actions arising under

27   federal law, or between citizens of different states in which the amount in controversy exceeds

28   $75,000.  28 U.S.C. §§ 1331, 1332.  District courts also have supplemental jurisdiction "over all

1    other claims that are so related to claims in the action within such original jurisdiction, such that

2    they form part of the same case or controversy."  28 U.S.C. § 1367(a).

3          Removal is proper only when the state-court action could have originally been filed in federal

4    court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Courts "strictly construe the removal

5    statute against removal jurisdiction," and "the defendant always has the burden of establishing

6    that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

7    Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction

8    over the removed action, it must remedy the improvident grant of removal by remanding the

9    action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*,

10   387 F.3d 966 (9th Cir. 2004).

11         B.  Analysis

12         In moving to remand, Plaintiff argues: (1) the Court does not have original diversity

13   jurisdiction because Defendant is a California resident, there is no fraudulent joinder, and the

14   amount in controversy has not been established; and (2) despite the existence of federal question

15   jurisdiction, the Court should decline to exercise supplemental jurisdiction over the state-law

16   claims because they substantially predominate over the federal claims.  (ECF No. 8 at 9–15.)

17         In opposition, Defendants contend the Court should deny Plaintiff's motion for remand

18   because: (1) Plaintiff admits federal question jurisdiction exists; (2) Plaintiff's state-law claims

19   are based on the same case or controversy as her federal claim; (3) Plaintiff's state-law claims do

20   not predominate when they are based on the same facts, evidence, and witnesses; (4) if the Court

21   determined Plaintiff's state-law claims predominate, the Court's jurisdiction would be restored by

22   severing the state-law claims from this action; and (5) complete diversity exists between the

23   parties and the amount in controversy requirement has been met.  (ECF No. 10 at 7–17.)

24         The Court finds that it has jurisdiction over this action and thus removal was proper.  As

25   already discussed, removal is proper when the state-court action could have originally been filed

26   in federal court.  *Caterpillar Inc.*, 482 U.S. at 392.  Complaints containing a federal cause of

27   action could have originally been filed in federal court.  28 U.S.C. § 1331.  Plaintiff concedes —

28   nor could she reasonably argue otherwise — that her fourth cause of action for retaliation in

4

violation of the FMLA (29 U.S.C. § 2601 *et seq.*) is a federal cause of action that confers upon the Court federal question jurisdiction.  (*See* ECF No. 8 at 12–15.)  Nevertheless, Plaintiff argues the Court should decline to exercise supplemental jurisdiction over her state-law claims.  (*Id.*)  However, the propriety of exercising supplemental jurisdiction over Plaintiff's state-law claims is irrelevant to the threshold question of whether removal was proper.  All Defendants need to show is that removal was proper because the Court has diversity or federal question jurisdiction.  *Gaus*, 980 F.2d at 566.  Defendants, through their own pleadings and Plaintiff's concession, have demonstrated the latter.

Accordingly, the Court DENIES Plaintiff's motion to remand.[2]

**III.    MOTION TO DISMISS**

A.  Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

---

[2]    Because the Court finds federal question jurisdiction exists, the Court declines to address the parties' arguments related to diversity jurisdiction.

1    relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

3    factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

4    While Rule 8(a) does not require detailed factual allegations, "it demands more than an

5    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

6    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

7    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

8    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences

10   are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355,

11   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the

12   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

13   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

14   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

15         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

16   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

17   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

19   680. While the plausibility requirement is not akin to a probability requirement, it demands more

20   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility

21   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

22   experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or

23   her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

24   dismissed. *Id.* at 680 (internal quotations omitted).

25         In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

26   thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

27   *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

28   *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

1    *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

2    allegations that contradict matters properly subject to judicial notice).

3         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

4    amend even if no request to amend the pleading was made, unless it determines that the pleading

5    could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

6    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

7    *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

8    denying leave to amend when amendment would be futile).  Although a district court should

9    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

10   deny such leave is 'particularly broad' where the plaintiff has previously amended its

11   complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

12   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

13        B.  <u>Analysis</u>

14        Defendants move to dismiss Plaintiff's: (1) FRA claim against Singh; (2) § 12945claim

15   against Defendants; (3) UCL claim against Defendants; and (4) request for punitive damages.

16   (ECF No. 9-1 at 8–12.)  The Court will address each of these claims and the request for punitive

17   damages in turn.

18            1.  FRA Claim

19        Plaintiff's third cause of action is a claim for retaliation in violation of the FRA against

20   Defendants.  (ECF No. 1 at 28–30.)  Plaintiff alleges she was entitled to take maternity leave

21   under the FRA but was discriminated against and retaliated against because she exercised that

22   right.  (*Id.*)

23        Defendants contend Plaintiff's FRA claim must be dismissed against Singh because there

24   can be no liability against individuals who do not themselves qualify as employers under the

25   FRA.  (ECF No. 9-1 at 8–9.)  Plaintiff concedes that Singh should be dismissed from her FRA

26   claim.  (ECF No. 11 at 7.)

27        Accordingly, the Court DISMISSES Plaintiff's FRA claim against Singh without leave to

28   amend.

1            2.   § 12945 Claim

2            Plaintiff's sixth cause of action against Graham Defendants alleges a violation of § 12945.

3   (ECF No. 1 at 86–88.)  Specifically, Plaintiff avers Defendants terminated her employment

4   substantially based on her decision to take maternity leave and discriminated against her because

5   of her pregnancy and related medical conditions by refusing to grant her time off work.  (ECF No.

6   1 at 32–34.)

7            "Pregnancy discrimination is an unlawful employment practice under provisions of the

8   FEHA that prohibit discrimination on the basis of sex, disability, and pregnancy-related

9   conditions."  *Lopez v. La Casa De Las Madres*, 89 Cal. App. 5th 365, 378 (2023).

10  "Discrimination based on the fact that a person is pregnant, has given birth, is breastfeeding, or

11  has a related medical condition is a form of sex discrimination, prohibited by section 12940(a)."

12  *Id.* (citations omitted).

13
14              Section 12945 addresses two distinct protections available to
                employees with conditions relating to pregnancy.  First, employees
15              disabled by such a condition are entitled to pregnancy-disability
                leave.  Specifically, it is unlawful for an employer to refuse to allow
                an employee disabled by a condition related to pregnancy to take a
16              leave of absence for a reasonable period, not to exceed four months.
                (§ 12945(a)(1).)  And during the disability leave period, it is
17              unlawful for the employer to refuse to maintain insurance coverage
                for the employee.  (§ 12945(a)(2).)
18

19              Second, section 12945 entitles an employee to accommodation of a
                condition relating to pregnancy in specified situations.  It is
20              unlawful for an employer to refuse to provide a reasonable
                accommodation for a condition related to pregnancy, whether or not
21              that condition amounts to a disability, if such accommodation is
                requested by the employee with the advice of the employee's health
22              care provider.  (§ 12945(a)(2)(A).)  It is also an unlawful
                employment practice to refuse to accommodate a request
23              temporarily to transfer a pregnant employee to a less strenuous
                position if the employer has a policy of making such transfers for
24              temporarily disabled employees, or if the temporary transfer is
                requested with the advice of the employee's physician and such a
25              "transfer can be reasonably accommodated."  (§ 12945(a)(3)(B)–
                (C).)
26

27  *Lopez*, 89 Cal. App. 5th at 378–79.

28

1    Defendants contend Plaintiff's § 12945 claim should be dismissed because the "Complaint

2    does not contain any factual allegations to plausibly suggest Plaintiff was disabled by pregnancy,

3    childbirth, or a related medical condition."  (ECF No. 9-1 at 9.)  In opposition, Plaintiff argues the

4    "Complaint sufficiently pleads that she gave birth via cesarean section, and therefore suffered

5    from disabilities related to her pregnancy and/or childbirth that limited Plaintiff's major life

6    activities."  (ECF No. 11 at 8.)

7    The Court agrees with Defendants and finds Plaintiff has failed to state a claim for

8    pregnancy discrimination under § 12945.  Plaintiff does not allege Defendants denied her right to

9    take pregnancy-disability leave — to the contrary, Plaintiff admits she took maternity leave (ECF

10   No. 1 at 23–24).[3]  Nor does Plaintiff allege Defendants denied her a reasonable accommodation

11   for a condition related to pregnancy.  Instead, Plaintiff simply alleges she took maternity leave,

12   gave birth via Cesarean section, and then Defendants retaliated against her for taking maternity

13   leave.  (ECF No. 1 at 33–34.)  However, Plaintiff fails to demonstrate such activity is protected

14   under § 12945.

15   Accordingly, the Court DISMISSES Plaintiff's § 12945 claim with leave to amend.  Any

16   amended claim must allege Plaintiff was denied the protections available to employees with

17   conditions relating to pregnancy under § 12945.

18             3.   UCL Claim

19   Plaintiff's eighth cause of action is a UCL claim against Graham Defendants.  (ECF No. 1

20   at 35–36.)  Plaintiff alleges Defendants' discrimination and retaliation based on sex/pregnancy

21   constitutes false, unfair, fraudulent, and deceptive business practices under the UCL.  (*Id.*)

22   Plaintiff seeks to enjoin Defendants' purported unlawful conduct under the UCL and "restore to

23   Plaintiff her wrongfully-withheld compensation … ."  (*Id.* at 35.)

24   "Business and Professions Code section 17200 et seq. prohibits unfair competition,

25   including unlawful, unfair, and fraudulent business acts.  The UCL covers a wide range of

26   _____

27   [3]    In her sixth cause of action, Plaintiff does allege that "by refusing to grant her time off work, Defendants interfered with [her] right to take PDL leave."  (ECF No. 1 at 33.)  However, this allegation is conclusory and overwhelmingly contradicted by Plaintiff's more detailed

28   allegations elsewhere in the Complaint.

1  conduct." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) (footnote

2  omitted).  "While the scope of conduct covered by the UCL is broad, its remedies are limited."

3  *Id.* (citation omitted).  "A UCL action is equitable in nature; damages cannot be recovered."  *Id.*

4  (citation omitted).  "Prevailing plaintiffs are generally limited to injunctive relief and restitution."

5  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (citations

6  omitted).  But, "[r]egardless of whether California authorizes its courts to award equitable [relief]

7  under the UCL … when a plain, adequate, and complete remedy exists at law, … federal courts

8  [must] rely on federal equitable principles before allowing equitable [relief] in such

9  circumstances."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020).  Under

10  traditional federal equitable principles, a party must demonstrate, among other things, an

11  inadequate remedy at law before obtaining equitable relief.  *See, e.g.*, *Beacon Theatres, Inc. v.

12  Westover*, 359 U.S. 500, 506 (1959) ("The basis of injunctive relief in the federal courts has

13  always been irreparable harm and inadequacy of legal remedies.").

14  Defendants contend Plaintiff's UCL claim should be dismissed because Plaintiff has an

15  adequate remedy at law and because Plaintiff lacks standing to pursue injunctive relief against her

16  former employer.  (ECF No. 9-1 at 9–10.)  Plaintiff does not specifically address Defendants'

17  arguments in her opposition motion.  Instead, Plaintiff argues her UCL claim is "properly pled

18  and viable" because it is predicated on Defendants' discrimination and retaliation based on

19  sex/pregnancy, and injunctive relief is supported by California precedent.  (ECF No. 11 at 13.)

20  The Court agrees with Defendants and finds Plaintiff has failed to state a claim under the

21  UCL.  Plaintiff relies heavily on two California cases — *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th

22  208 (2023), *reh'g denied* (Jan. 20, 2023), *review denied* (Apr. 12, 2023) and *McGill v. Citibank,

23  N.A.*, 2 Cal. 5th 945 (2017) — for the proposition that she may proceed on her UCL claim.  (*See*

24  ECF No. 11 at 12–13.)  However, Plaintiff's reliance is misplaced.  While California courts may

25  award equitable relief on a UCL claim notwithstanding a plaintiff's adequate remedy at law,

26  federal courts may not.  *Sonner*, 971 F.3d at 845.[4]  To obtain equitable relief here, Plaintiff must

27  
28  [4]  The Court notes the Ninth Circuit's ruling in *Sonner* was limited to federal courts sitting in diversity jurisdiction.  *See Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1302 (9th Cir.

1   demonstrate she has no adequate remedy at law.  *Id.*  Plaintiff's Complaint is not just devoid of

2   such allegations, the Complaint expressly seeks compensatory, general, special, exemplary, and

3   punitive damages (i.e., remedies at law).  (*See* ECF No. 1 at 36–37.)  Thus, Plaintiff has failed to

4   demonstrate she has an inadequate remedy at law and therefore may not proceed on her equitable

5   claim in federal court.  *Sonner*, 971 F.3d at 845.  But the inquiry does not stop here.

6        Defendants argue the Court should dismiss Plaintiff's UCL claim without leave to amend

7   because she is no longer employed by Defendants and thus lacks standing to seek injunctive

8   relief.  (ECF No. 9-1 at 10–11.)  To support their argument, Defendants cite *Walsh v. Nevada*

9   *Dep't of Hum. Res.*, 471 F.3d 1033 (9th Cir. 2006) and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.

10   338 (2011).  (*Id.*)

11        In both *Walsh* and *Wal-Mart Stores, Inc.*, the plaintiffs sought injunctive relief related to

12   their former employer's allegedly discriminatory employment practices.  *Wal-Mart Stores, Inc.*,

13   564 U.S. at 364–65; *Walsh*, 471 F.3d at 1036–37.  The Supreme Court — albeit in *dicta*

14   referencing the lower court's decision to certify a class — and the Ninth Circuit noted the

15   plaintiffs lacked standing to seek such relief because they were no longer employed by the

16   defendants and did not stand to benefit from an injunction prohibiting or mandating certain

17   employment practices.  *Wal-Mart Stores, Inc.*, 564 U.S. at 364–65; *Walsh*, 471 F.3d at 1036–37.

18   As a result, the plaintiffs failed to satisfy the redressability requirement for standing to bring a

19   particular claim.  *Wal-Mart Stores, Inc.*, 564 U.S. at 364–65; *Walsh*, 471 F.3d at 1036–37.

20        In the instant case, Plaintiff also seeks "preliminary and permanent injunctions pursuant to

21   [California] Business & Professions Code § 17203, enjoining and restraining Defendants from

22   continuing the unlawful and unfair business practices … and requiring the establishment of

23   _____

24   2022) ("We held that federal courts sitting in diversity must apply federal equitable principles to
     claims for equitable restitution brought under California law and that, under such principles,

25   dismissal was appropriate because Sonner could not show that she lacked an adequate remedy at
     law.").  Although this matter is before the Court on federal question jurisdiction, the Court sees

26   no reason to depart from the Ninth Circuit's analysis and conclusions of law where the Court is
     exercising supplemental jurisdiction over state-law claims.  Application of the *Sonner* holding is

27   particularly appropriate where, as here, Plaintiff does not directly respond to Defendants'
     arguments that *Sonner* controls.

28

1    appropriate and effective means to prevent future violations … ." (ECF No. 1 at 37.) Like the

2    plaintiffs in *Walsh* and *Wal-Mart Stores, Inc.*, Plaintiff does not stand to benefit from any changes

3    in Defendants' employment practices. Thus, Plaintiff lacks standing to assert her UCL claim in

4    this Court, and any amendment would be futile.

5         Accordingly, the Court DISMISSES Plaintiff's UCL claim without leave to amend. *See*

6    *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) (citation

7    omitted) ("[L]eave to amend will not be granted where an amendment would be futile.").

8              4.   Punitive Damages

9         Finally, Defendants move to dismiss Plaintiff's request for punitive damages. (ECF No.

10   9-1 at 11–12.) However, "a motion to dismiss is not the proper vehicle to challenge a claim of

11   damages." *Trull v. City of Lodi*, No. 2:23-cv-01177-TLN-CKD, 2024 WL 1344478, at *8 (E.D.

12   Cal. Mar. 29, 2024) (citation omitted); *see also Oppenheimer v. Sw. Airlines Co.*, No. 13-CV-

13   260-IEG BGS, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013) ("Because punitive damages

14   are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been

15   stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P.

16   12(b)(6)."); *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 420139, at *6

17   (N.D. Cal. Feb. 6, 2007) ("[A] complaint is not subject to a motion to dismiss for failure to state a

18   claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of

19   law.").

20        Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's prayer for

21   relief, seeking punitive damages.

22        **IV.   CONCLUSION**

23        For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand. (ECF No.

24   8.) The Court further GRANTS in part and DENIES in part Defendants' Motion to Dismiss and

25   DISMISSES Plaintiff's third cause of action against Singh and eighth cause of action against

26   Defendants *without* leave to amend, and DISMISSES Plaintiff's sixth cause of action against

27   Defendants *with* leave to amend. (ECF No. 9.) In all other respects, the Court DENIES

28   Defendants' Motion to Dismiss. (*Id.*)

Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order.  Defendants shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.

If Plaintiff opts not to file an amended complaint, this action will proceed on Plaintiff's first, second, third (excluding Singh), fourth, fifth, and seventh causes of action.  Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline to file an amended complaint.

IT IS SO ORDERED.

Date: September 24, 2024

Troy L. Nunley
United States District Judge

13