UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREINA GUZMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>GRAHAM PACKAGING CO., L.P., et al.,<br><br>           Defendants. | No. 2:24-cv-00498-TLN-AC<br><br>**ORDER** |

       This matter is before the Court on Plaintiff Andreina Guzman's ("Plaintiff") Motion to Amend. (ECF No. 19.) Defendants Graham Packaging Company, L.P., Graham Packaging Pet Technologies, Inc., and Aman Singh (collectively, "Defendants") filed an opposition. (ECF No. 20.) Plaintiff filed a reply. (ECF No. 22.) For the reasons set forth below, Plaintiff's motion is GRANTED.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant matter arises from alleged employment discrimination based on pregnancy. The Court need not repeat the factual background here, as it is set forth in full in the Court's September 25, 2024 Order denying Plaintiff's motion to remand and granting in part and denying in part Defendants' motion to dismiss. (ECF No. 15.) On October 31, 2024, Plaintiff filed the operative First Amended Complaint ("FAC"), alleging the following claims: (1) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination; (3) retaliation in violation of the California Family Rights Act ("CFRA"); (4) retaliation in violation of the Family and Medical Leave Act ("FMLA"); (5) pregnancy/sex discrimination in violation of FEHA; (6) violation of the California pregnancy disability leave law; and (7) wrongful termination. (ECF No. 17.) On November 21, 2024, Plaintiff filed the instant motion to amend.

### II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the district court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995)). Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted).

### III. ANALYSIS

Plaintiff argues the Court should grant her motion based on a lack of undue delay, undue prejudice, and futility. (ECF No. 19.) Defendants oppose, asserting Plaintiff's motion is not made in good faith, will cause undue delay, will significantly prejudice Defendants, and would be futile. (ECF No. 20.) The Court will consider each of these factors in turn.

///

### A. Undue Prejudice

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Courts have found proposed amendments prejudicial where leave to amend is requested as a relevant discovery deadline nears or has already passed. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "The party opposing leave to amend bears the burden of showing prejudice." *United States v. Somnia, Inc.*, 339 F. Supp. 3d 947, 958 (E.D. Cal. 2018) (quoting *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004)).

Plaintiff argues she recently discovered she was not a "salary" employee but rather a "salary non-exempt" employee, which means that she was at all times entitled to timely and uninterrupted meal and rest breaks (which she maintains she frequently failed to receive) or premium pay in lieu thereof. (ECF No. 19 at 8.) Plaintiff contends that if she does not allege her California Labor Code claims in the instant suit, she will either be forced to initiate a separate action against Defendants or be forever barred from receiving the earned compensation Defendants have refused to remit to her. (*Id.*) Plaintiff asserts the new amended claims would not greatly change the parties' positions in this action as she is merely adding California Labor Code claims that will not impact her other claims. (*Id.* at 8–9.)

In opposition, Defendants argue Plaintiff's proposed amendments would drastically impact their position in the case as they would be compelled to incur additional time and expense to file another motion to dismiss and would have to oppose a likely second motion to remand. (ECF No. 20 at 10.) Defendants contend permitting four new additional claims against Singh would require substantial additional participation by him in this litigation. (*Id.* at 10–11.)

In reply, Plaintiff asserts that denial of amendment due to anticipated additional motion practice is unavailing, as the case is in its earliest stages — no trial date has been set and the procedural posture of this case is far removed from any notion of "undue delay." (ECF No. 22 at 6.) Plaintiff further asserts the standard costs and burdens of litigation, such as additional discovery or motion practice, do not constitute sufficient prejudice to deny amendment. (*Id.* at 7.)

///

Here, the Court finds any potential prejudice to Defendants is minimal. As Plaintiff correctly notes, this case in still in the early stages of litigation. The Court therefore finds unpersuasive Defendants' argument that adding new claims is prejudicial because it will likely lead to additional motion practice and further participation by Singh in this litigation. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."). Further, "a court evaluates prejudice in terms of, e.g., whether discovery cut-offs have passed, how close trial is, and so forth." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013). In this matter, discovery is in its very early stages, no deadlines have passed, and Defendants have failed to meet their burden to show the type of prejudice that is usually cognizable by courts. *See id.*; *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-CV-02748-LHK, 2015 WL 913031, at *4 (N.D. Cal. Feb. 27, 2015) ("Prejudice has been found where the 'parties have engaged in voluminous and protracted discovery' prior to amendment, or where '[e]xpense, delay, and wear and tear on individuals and companies' is shown." (internal citation omitted)). Because Defendants have not shown they will suffer prejudice, they "must make a 'strong showing' of 'any of the remaining . . . factors . . . to overcome 'the presumption under Rule 15(a) in favor of granting leave to amend.'" *Naranjo*, 2015 WL 913031, at *5 (citing *Eminence Capital*, 316 F.3d at 1052).

### B. Bad Faith/Undue Delay[1]

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990); *cf. Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (finding the trial court did not abuse its discretion in denying leave to amend, where the moving party filed a motion to amend 31 months after the answer was filed). Even if Plaintiff's delay was unreasonable, however, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

///

---

[1] Because the parties making overlapping arguments with respect to bad faith and undue delay, the Court will consider both together.

4

Defendants argue Plaintiff's motive for requesting leave to amend is not in good faith because Plaintiff seeks to "destroy the ground upon which removal was based" and file a motion to remand based on the newly alleged California Labor Code violations. (ECF No. 20 at 8.) Defendants contend Plaintiff requested and received her complete personnel file and payroll records a year prior, in October 2023, which indicated her classification as a non-exempt full-time employee. (*Id.* at 9.) Defendants maintain either Plaintiff's counsel never reviewed the documents they requested or Plaintiff and her counsel were aware of the classification at least three months prior to the filing of the original Complaint and made a strategic decision to draft and file the original Complaint without any California Labor Code violations. (*Id.*) Defendants argue Plaintiff had ample time to amend her Complaint during the eight-month period between the filing of her motion to remand and the Court's decision to deny that motion. (*Id.* at 10.) Defendants note that if the Court grants this motion, they will have to file another motion to dismiss to address "these new baseless causes of action," which will "cause yet a further unnecessary delay[.]" (*Id.*)

In reply, Plaintiff asserts the facts demonstrate she and her counsel acted promptly and in good faith in discovering these claims, which counsel attests in a sworn declaration emerged mid-October 2024 during a detailed review of the case file. (ECF No. 22 at 3.) Plaintiff maintains Defendants' unsupported allegations of prior knowledge and bad faith fail, as sworn testimony (the timeline of discovery detailed in the Falakassa Declaration) carries significant evidentiary weight and Defendants do not provide direct evidence to contradict the declaration. (*Id.* at 3–4.) Plaintiff also argues Defendants' argument that the motion to amend should be denied on a speculative and unfounded assertion that it is motivated by a future attempt to remand the action is premature and procedurally improper. (*Id.* at 4–6.) Plaintiff also notes that amendments are primarily denied when they would cause undue delay in conducting a trial and Defendants cite no such scenario here. (*Id.* at 6.)

As an initial matter, the Court agrees with Plaintiff that the only issue before the Court is whether she should be allowed to amend her operative complaint — not whether she seeks to

remand this action.[2] (ECF No. 22 at 4.) The Court therefore rejects Defendants' bad faith argument on this basis. (*See* ECF No. 20 at 8–9.) With respect to whether Plaintiff and/or her counsel unduly delayed as they should have known sooner the basis for her state law claims, the Court again notes the case is in its early stages. Further, the parties do not appear to argue that the additional claims would substantially complicate or delay the case for new discovery. *See Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (upholding district court's denial of motion to amend where plaintiff sought to add seven pendent state law claims, three new federal claims, and new allegations). Defendants also do not cite to any authority for the proposition that an eight-month delay alone suffices to establish undue delay. (*See* ECF No. 20 at 10–11.)

Further, despite any evidence that Plaintiff "knew or should have known about the facts and theories raised by the amendment in the original pleading, this consideration is not dispositive of undue delay, especially where Defendant[s] make[] no assertion that allowing such amendment would result in undue prejudice." *Viewsonic Corp. v. Electrograph Sys., Inc.*, No. CV 09-04093-SJO-JCX, 2010 WL 11509169, at *4 (C.D. Cal. Mar. 12, 2010) (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952–54 (9th Cir. 2006)). Further, "where a defendant is on notice of facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment." *Id.* (citing *Sierra Club v. Union Oil Co. of Cal.*, 813 F.2d 1480, 1493 (9th Cir. 1987), *vacated on other grounds by* 485 U.S. 931 (1988) (noting that "[m]ere delay in proffering an amendment does not justify denying leave to amend")). The Court therefore finds Defendants have not sufficiently established Plaintiff unduly delayed in filing the instant motion and Defendants face no prejudice from Plaintiff's proposed amendment.

///

---

[2] Defendants correctly cite to Ninth Circuit case law for the proposition that "if a case was properly removed, a plaintiff cannot thereafter oust the federal court of jurisdiction by unilaterally changing the case so as to destroy the ground upon which removal was based." (ECF No. 20 at 8 (citing *Millar v. BART Dist.*, 236 F. Supp. 2d 1110, 1116 (N.D. Cal. 2002)).) The *Millar* court went on to say that "[c]ourts uniformly have held that if a claim 'arising under' federal law existed at the time of removal, the federal court has discretion to retain jurisdiction to adjudicate pendent state law claims even if at some point the federal claim has been dropped." *Id.*

C. Futility

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling recog. on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." (citations and internal quotation marks omitted)). Denial of such motions on futility grounds is "rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* (citation omitted).

Plaintiff argues the proposed Second Amended Complaint ("SAC") is not futile as she alleges she was not afforded the opportunity to take uninterrupted meal and/or rest breaks approximately one to three times per week. (ECF No. 19 at 9–10.) Specifically, Plaintiff alleges she worked for Defendants at the front desk and Defendants and their customers would routinely ask Plaintiff work-related questions while she was on meal and/or rest breaks. (*Id.*) Plaintiff further argues that it is not futile to name Singh as liable for the alleged Labor Code violations because Singh was personally involved in the alleged wage and hour violations and/or "engaged in individual wrongdoing" in his capacity as Defendants' plant controller. (*Id.* at 10.) Plaintiff notes Singh signed off on her and other non-exempt employees' biweekly timesheets to approve hours worked and witnessed Plaintiff suffer from missed meal and/or rest breaks, but did nothing to rectify the missed breaks or ensure she was paid premium pay for missed or non-compliant meal and/or rest breaks. (*Id.* at 10–11.) In opposition, Defendants assert Plaintiff's California Labor Code claims are futile, conclusory, and lack the required factual support. (ECF No. 20 at 11–13.)

Based on the Court's finding that there is no prejudice, bad faith, or undue delay, the Court declines to deny Plaintiff's motion purely on futility grounds. *See Rivkin v. J.P. Morgan Chase, N.A.*, No. 2:14-cv-026620-TLN-EFB, 2016 WL 6094485, at *1–2 (E.D. Cal. Oct. 18,

2016) ("[A] court need not deny a plaintiff's motion for leave to amend based on futility alone."). The Court therefore defers addressing Defendants' arguments on the merits of Plaintiff's proposed additional claims at this juncture.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend. (ECF No. 19.) Plaintiff shall file her amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants' responsive pleading is due not later than twenty-one (21) days after Plaintiff files her amended complaint.

IT IS SO ORDERED.

**Date: June 16, 2025**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE